IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY LAWRENCE DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10cv970-WKW |
| | ) | (WO) |
| CITY OF PHENIX CITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, the pro se plaintiff Danny Lawrence Dupree ("Dupree") complains that the defendants violated his constitutional rights by unlawfully arresting him and unlawfully seizing his property in violation of the Fourth Amendment to the United States Constitution.  He also alleges pendent state law claims of false arrest, malicious prosecution, harassment, retaliation and conspiracy.  The plaintiff names as defendants the City of Phenix City, Officer S. Lashley, Municipal Court Judge Patrick Loftin, Prosecutor Joe Edwards, Warrant Clerk Angela Howard, Chief of Police Raymond Smith, City Manager Wallace Hunter, Mayor H.S. Sonny Coulter, City Council members James Wetzel, Max Wilkes, Michele Walker and Arthur Sumbry and city attorney James P. Graham.  He sues them in their official and individual capacities.  The court has jurisdiction of these claims under 28 U.S.C. § 1331 pursuant to its federal question jurisdiction.

The plaintiff filed two amended complaint setting forth his allegations in more detail.

This case is now pending before the court on the defendants' motion to dismiss in which they assert that the plaintiff has failed to state a claim upon which relief can be granted. The motion to dismiss, filed pursuant to FED.R.CIV.P. 12(b)(6), was filed on September 23, 2011. (Doc. # 48). The defendants assert that the claims against defendants Municipal Court Judge Patrick Loftin, Prosecutor Joe Edwards, Warrant Clerk Angela Howard, Police Chief Raymond Smith, City Manager Wallace Hunter, Mayor H.S. Sonny Coulter, City Attorney James Graham, and City Council members James Wetzel, Max Wilkes, Michelle Walker, and Arthur Sumbry are due to be dismissed because they were not involved in the arrest and seizure of Dupree. Several defendants also assert that they are entitled to immunity based on their particular position. On October 12, 2011, the plaintiff filed a response to the defendants' motion to dismiss. (Doc. # 53). After carefully reviewing the defendants' motion to dismiss and the plaintiff's response to the motion, the court concludes that the motion is due to be granted.

## II. THE STANDARD OF REVIEW

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted).

*Fin. Sec. Assur., Inc. v. Stephens, Inc*. 500 F.3d 1276, 1282 (11th Cir. 2007).

"[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). *See also Perkins v. Silverstein,* 939 F.2d 463, 466-67 (7th Cir. 1991) (plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims"). In *Twombly, supra.*, the Court "rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc*. 500 F.3d 1293, 1303 (11th Cir. 2007).

### III. FACTS

The plaintiff alleges the following facts in his complaint.[1]  In the wee hours of

---

[1] On a motion to dismiss, the court must take the facts as stated in the complaint and amended complaints as true.

3

November 13, 2008, Dupree was "arrested without a valid warrant, handcuffed, taken to jail, caused to post a bail bond, had his vehicle towed away, lost personalty (sic), groceries, and other personal items, not limited to one Mossbury (sic) 12 gauge shotgun, ..." (Doc. #1, Compl, at 1). Dupree was subsequently charged with disorderly conduct. The Mossberg 12 gauge shotgun was confiscated. At a court hearing on January 6, 2009, at which the arresting officer failed to appear, the court ordered the return of Dupree's cash bond to him. Thereafter, the charge was nolle prossed on the motion to the prosecutor.

Despite numerous requests to all the defendants, the shotgun has not been returned to Dupree. After filing this lawsuit, the shotgun was returned to the plaintiff in 2010.

## IV. DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Dupree's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Within this framework, the court now turns to the defendants' motion to dismiss.

**A. Section 1983 claims against the defendants.**[2]

---

[2] Because the court grants the defendants' motion to dismiss on this basis, the court pretermits discussion of the defendants' argument that the Mayor and City Council are entitled to legislative immunity.

The plaintiff has sued the defendants under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). Thus, in order to prevail, the plaintiff must demonstrate that he was "deprived . . . of a right secured under the Constitution or federal law." *Willis v. University Health Servs., Inc.,* 993 F.2d 837, 840 (11th Cir. 1993).

The plaintiff alleges that the defendants violated his Fourth Amendment rights to be free from unreasonable seizures of his person and his property. To prevail against a defendant, the plaintiff must show that the defendant was personally involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation.

*Swint*, 51 F.3d at 990. Dupree alleges no facts that connect or involve these defendants with any Fourth Amendment violation. These defendants were in no way involved in the arrest of Dupree or the seizure of his property. Consequently, the defendants' motion to dismiss is due to be granted.

To the extent that Dupree complains that the confiscation of his property, the Mossberg shotgun, was improper, the court finds that under no set of facts is he entitled to relief.

> "If the [property] was not returned because of [Defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendants] acted without authorization. If [Defendants] w[ere] acting pursuant to authorization, [their] actions would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Defendants] w[ere] acting in bad faith outside the scope of [their] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v.*

*Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.").

Dupree has the burden of demonstrating the absence of meaningful state post-deprivation proceedings. This he fails to do. Moreover, during the course of the criminal proceedings against him, he could have filed a motion for return of property. ALA.R.CRIM.P. 3.13. After the conclusion of the criminal proceedings, Dupree could have filed in state court an *in rem* proceeding seeking return of his property. *See Green v. City of Montgomery*, 55 So.2d 256 (Ala. Civ. App. 2009). Dupree is entitled to no relief on his procedural due process claim.

**B. Claims against Judge F. Patrick Loftin**

Dupree also sues Municipal Court Judge F. Patrick Loftin in his capacity as a judicial officer. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's damages claims against Judge Loftin are due to be dismissed.

To the extent Dupree seeks declaratory relief from adverse decisions issued or actions taken by Judge Loftin in state court proceedings, this court lacks jurisdiction to render such

7

a judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Moreover, an action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state court to take a particular course of action. *Cf. Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment). Thus, this court cannot compel the state court to take any action, including the return of his shotgun. The defendants' motion to dismiss with respect to Judge Loftin is due to be granted.

### C. Claims against Prosecutor Joe Edwards

Dupree also sues Prosecutor Attorney Joe Edwards. As city prosecutor, Edwards is immune from suit for actions taken in his prosecutorial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "State

prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts 'intimately associated with the judicial phase of the criminal process.'" *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987). The law of this circuit is clear that state prosecutors are entitled to absolute immunity for actions taken during the development, initiation, prosecution, and presentation of a case.[3] *Id.* at 715. The defendants' motion to dismiss claims against Edwards is due to be granted.

### D. Warrant Clerk Angela Howard

The plaintiff alleges that Angela Howard, the warrant clerk for the City of Phenix City, somehow violated his constitutional rights. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).[4] Additionally, when a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). ALA. CODE §§ 12-17-93 and 12-17-94 delineate the authority and duties of clerks of circuit courts. The court therefore concludes that the plaintiff's claims against the Angela

---

[3] Although Dupree asserts that this defendant was acting "outside the line and scope of his authority and duty as District Attorney," he makes only conclusory, self-serving speculative allegations. *See Marrero v. City of Hialeah*, 625 F.2d 499, n.4 (11th Cir. 1980) ("[I]f an official is acting outside the scope of his authority, he is entitled to no immunity at all.") *See also Butz v. Economou*, 438 U.S. 478 (1978).

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Howard, an employee of the Municipal Court for the City of Phenix City are due to be dismissed.

### E. Conspiracy

Finally, the plaintiff alleges a conspiracy amongst the defendants. However, that is all that the plaintiff asserts in his complaint. "[B]road and general accusations of a campaign of harassment and intimidation waged by named and unnamed defendants against. . .plaintiff[]. . .[are] conclusory allegations. . .insufficient to state a § 1983 claim for relief. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 683 (11th Cir. 1995). Where a complaint contains only vague and conclusory allegations of a conspiracy, it should be dismissed. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984). Moreover, merely the conclusory "stringing together" of acts taken by state actors, without showing contacts between these actors which could prove that they reached an understanding to violate plaintiff's rights, is insufficient to demonstrate existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992). The plaintiff's allegations of a conspiracy are insufficient to withstand scrutiny or to establish a causal connection between the defendants.

"In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman*, 739 F.2d at 557. The court has carefully reviewed the plaintiff's complaint. Other than his conclusory allegations, the plaintiff has presented no facts that even remotely establish that the defendants entered into a conspiracy to violate his constitutional rights. The

plaintiff's allegations of a conspiracy, without more, are due to be dismissed.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)    That the defendants' motion to dismiss (doc. # 48) be GRANTED.

(2)    That defendants Patrick Loftin, Joe Edwards, Angela Howard, Raymond Smith, Wallace Hunter, H.S. Sonny Coulter, James Wetzel, Max Wilkes, Michelle Walker, Arthur Sumbry, and James P. Graham be DISMISSED as defendants in this action.

(3)    That the plaintiff's deprivation of property[5] and conspiracy claims be DISMISSED.

(4)    That the remaining Fourth Amendment claims against defendants City of Phenix City and Officer S. Lashley be REFERRED back to the Magistrate Judge for further proceedings.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **November 10, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[5]  The plaintiff's claim that Officer Lashley improperly seized his shotgun in violation of the Fourth Amendment remains pending.

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of October, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE