IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY LAWRENCE DUPREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:10-CV-970-WKW [WO] |
| ) | |
| CITY OF PHENIX CITY, ALABAMA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On April 30, 2012, Defendants Phenix City and Sherry Lashley moved for summary judgment. (Doc. # 72.) Plaintiff responded with four separate filings (Docs. # 79, 80, 81, 82), which the court will consider together as Plaintiff's opposition to summary judgment. On July 2, 2012, the Magistrate Judge filed a Recommendation with regard to the Motion for Summary Judgment. (Doc. # 84.) This matter is before the court on Mr. Dupree's objection to that Recommendation. (Doc. # 85.) The court reviews *de novo* the portions of the Recommendation that deal with dispositive matters and to which objection is made. 28 U.S.C. § 636(b)(1). Portions of the Recommendation dealing with nondispositive matters, however, must be modified or set aside only if they are "clearly erroneous . . . contrary to law." Fed. R. Civ. P.

72(a). For the reasons that follow, the objection is due to be sustained in part and overruled in part.

### A.     **Mr. Dupree is entitled to a trial by jury.**

First, the court considers Mr. Dupree's objection to the portion of the Recommendation setting this case for a non-jury trial. As Mr. Dupree correctly points out, all three versions of the complaint have included a jury demand, either expressly or by reference to an earlier pleading. (*See* Doc. # 1, at 2; Doc. # 23, at 11; Doc. # 31, at 9.) Each of those demands was sufficient under Rule 38(b) of the Federal Rules of Civil Procedure to preserve Mr. Dupree's right to a trial by jury, so his first objection is due to be sustained.

### B.     **Mr. Dupree's evidentiary objections are due to be overruled.**

Second, Mr. Dupree objects to the Magistrate Judge's Recommendation that the court deny Mr. Dupree's motions to strike (Docs. # 80, 81) and Motion for Order that Facts and [Genuineness] of Documents be Taken as Established (Doc. # 79). The Recommendation indicates that the Magistrate Judge made a determination on the admissibility of the evidence underlying these motions and that any evidence found to be inadmissible was not considered in resolving the motion for summary judgment. Although Mr. Dupree expresses skepticism as to the court's ability "to determine the truth from falsehoods, lies or other allegations which cannot be supported," Rule 104

of the Federal Rules of Evidence requires the court to make determinations on admissibility of evidence – which the Magistrate Judge properly did in his Recommendation.

Only evidence admissible under Rule 56(c) of the Federal Rules of Civil Procedure needs to be considered in order to dispose of the motion for summary judgment.  Further, the Recommendation does not rely on any inadmissible evidence to reach its conclusions.  Accordingly, Mr. Dupree's objection to the disposition of the evidentiary motions (Docs. # 79, 80, 81) is due to be overruled because the orders in the Recommendation dealing with them are neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a).

**C.**     **Mr. Dupree's state-law claims should have survived summary judgment.**

Third, Mr. Dupree objects to the Recommendation to the extent that "no provision is made for [his] state tort claims against either defendant . . . ."  (Pl.'s Obj. 3 (Doc. # 85).)  Although the exact nature of Mr. Dupree's state-law claims is not well developed, each of the three versions of the complaint references violations of the Alabama Constitution and state law.[1]  (*See, e.g.*, Doc. # 23, at 6-7; Doc. # 31, at 2.)

---

[1] The general rule is that an amended complaint supersedes an original complaint. *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  There is an exception to that rule where the amended complaint incorporates by reference the original complaint.  *See Boelens v. Redman Homes*, Inc., 759 F.2d 504, 508 (5th Cir. 1985).  Here, each of Mr. Dupree's amendments to the complaint incorporate, either in whole or in part, the preceding pleading.

Defendants did not address any state-law claims against the City in their brief. Instead, they addressed only the City's liability under 42 U.S.C. § 1983. As a result, a grant of total summary judgment on Mr. Dupree's claims against the City – including his unchallenged state-law claims – is inappropriate.

Defendants' brief does, however, address state-law claims against Officer Lashley. But resolution of those claims involves the same disputed facts cited in the Recommendation that preclude summary judgment on the Fourth Amendment claims against Officer Lashley in her personal capacity. (Recommendation 11–12 (Doc. # 84).) Accordingly, for the same reasons the Recommendation found summary judgment inappropriate on the Fourth Amendment claims against Officer Lashley in her individual capacity, the state-law claims against Officer Lashley should survive summary judgment as well.

Therefore, Mr. Dupree's objection to the portion of the Recommendation granting summary judgment on Mr. Dupree's state-law claims against the City and Officer Lashley is due to be sustained.

### D. **Summary judgment is due on the § 1983 claim against the city.**

Finally, Mr. Dupree objects to the Magistrate Judge's recommendation that summary judgment be granted on the § 1983 claim against the City. Yet as the Magistrate Judge points out, Mr. Dupree has not submitted sufficient evidence of

municipal policy or custom to support municipal liability.  Instead, Mr. Dupree has offered only an inadmissible hearsay statement in his own affidavit.  Such evidence is insufficient to defeat summary judgment.  *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on . . . evidence which would be inadmissible at trial.").  As a result, the Magistrate Judge's Recommendation to enter summary judgment against Mr. Dupree on his § 1983 claim against the City is due to be adopted.

Accordingly, it is ORDERED that:

1   The Recommendation is REJECTED and Mr. Dupree's Objections are SUSTAINED with regard to the portion of the Recommendation setting this action for a non-jury trial.

2.   To the extent that the Recommendation recommends granting summary judgment on the state-law claims, the Recommendation is REJECTED and Mr. Dupree's objections are SUSTAINED.

3.   The remainder of the Recommendation is ADOPTED, and Mr. Dupree's remaining objections are OVERRULED

4.  Defendants' Motion for Summary Judgment is GRANTED on the § 1983 claim against Defendant Phenix City, Alabama, and DENIED on the remainder of Mr. Dupree's claims.

A separate order will be issued setting this case for a jury trial on Plaintiff Danny Lawrence Dupree's Fourth Amendment Claim against Defendant S. Lashley in her individual capacity and the state-law claims against Defendants City of Phenix City and S. Lashley.

DONE this 25th day of September, 2012.

                                        /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE